IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TYSON WILLIAMS,                        §
Institutional ID No. 2001726           §
SID No. 7050196                        §
                                       §
          Plaintiff,                   §
                                       §     CIVIL ACTION NO. 5:19-CV-174-BQ
v.                                     §
                                       §
LORIE DAVIS, *et al.*,                 §
                                       §
          Defendants.                  §

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was transferred to the magistrate judge by order dated August 26, 2019. ECF

No. 7. In accordance with said order, the undersigned conducted preliminary screening as

described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that pro se Plaintiff Tyson

Williams's Eighth Amendment excessive force claim against Texas Department of Criminal

Justice (TDCJ) Correctional Officers (C.O.s) Jonathan Smith, Randall Davis, and Julio Espinosa

III[1] survives preliminary screening. ECF No. 16. Consequently, the Court entered an order

requiring Defendants to answer or otherwise plead to Williams's claim. *Id.* Defendants Davis and

Espinosa filed their Answer on April 20, 2020 (ECF No. 41), and Defendant Smith filed his

Answer on May 8, 2020. ECF No. 45. As of today's date, all parties have not consented to

jurisdiction by the magistrate judge. Upon review of Defendants' Answers, it is the opinion of the

undersigned that this matter must be transferred to the district judge for further proceedings.

---

[1] In his Complaint, Williams named C.O. Esquivel as a Defendant, and the Court ordered Esquivel to answer. ECF No. 1, at 3; ECF No. 16, at 8. In an advisory to the Court, however, the Office of the Attorney General for the State of Texas (OAG), as *amicus curiae*, stated "the Montford unit ha[s] no records of an officer Esquivel working on the unit in any capacity." ECF No. 22, at 2. TDCJ's records reflected that the Defendant's correct name is "Julio Espinosa." *Id.* The Court subsequently ordered Julio Espinosa III to answer. ECF No. 25.

1

## I.    Discussion

The undersigned previously found that Williams's claim for excessive force survives preliminary screening.[2]  *See* Order to Answer 8–9, ECF No. 16.  Williams's use of force claim arises under the Eighth Amendment.  To establish a constitutional violation for excessive use of force by a prison official, a plaintiff must show that the defendant unnecessarily and wantonly inflicted pain.  *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986).  Whether an official's use of force is unnecessary or wanton depends on if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley*, 475 U.S. at 320–21).  In *Hudson*, the Supreme Court emphasized that a plaintiff must establish both a subjective and objective component.  Specifically, a plaintiff must demonstrate that (1) an official acted with a "sufficiently culpable state of mind" and (2) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation.  *Id.* at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991)).  Factors relevant to this determination include, but are not limited to, the following: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officers; and (5) any efforts officers made to temper the severity of a forceful response.  *See id.* at 7; *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (citing *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)).

Here, Williams alleges that on June 3, 2018, TDCJ John Montford Unit C.O.s Smith, Davis, and Espinosa used excessive force against him.  Compl. 3–6, ECF No. 1.[3]  At the *Spears* hearing,

---

[2] The Court concluded that Williams's claims for deliberate indifference to serious medical needs and vicarious liability failed to state a claim for relief and dismissed them through the same order.  *See* ECF Nos. 16, 17.

[3] Page citations to Williams's pleadings refer to the electronic page number assigned by the court's electronic filing system.

Williams stated that he wrapped himself in a blanket, placed a rolled mattress under his legs, and attempted to choke or hang himself by tying socks around his neck and attaching them to a desk. Tr. 2:08:20–:09:53, 2:10:38–:11:32. He further testified that C.O.s Smith, Davis, and Espinosa realized what he was doing and entered his cell. *Id.* Williams averred that the officers stopped his suicide attempt by placing him in handcuffs and cutting the socks away from his neck. Tr. 2:10:38–:50. In the process, C.O. Smith allegedly "put his thumb under [William's] jaw" bone trying to get Williams to drop the blanket. Tr. 2:10:38–:11:32. After the C.O.s thwarted his suicide attempt, Williams claimed that C.O. Smith began punching him in the face, and the other officers followed suit. Tr. 2:10:38–:11:32, 2:12:44–:13:31. Williams testified that the officers punched him for "a good minute" before leaving his cell. Tr. 2:13:40–:52.

According to Williams, C.O.s Smith, Davis, and Espinosa did not report the alleged use of force. Compl. 5; Tr. 2:18:55–:19:30. Williams further asserts that he reported the incident to the "night shift lieutenant" and Sergeant Goad, sometime around 10:00 p.m. on June 3, but they also did not document the event. Compl. 5. Williams stated, however, that a grievance investigator, Mrs. Reimer, helped him fill-out a grievance regarding the incident the following day—June 4, 2018—and he believes someone came to his cell the same day to take pictures of his injuries. *Id.* at 6; Tr. 2:19:34–:20:48, 2:26:34–:39. Williams alleges that as a result of the incident, he suffered the following injuries: fractured facial bone(s); a swollen lip; lacerations to his face; a headache; and double vision. Compl. 5; Tr. 2:17:15–:18:38.

Accepting Williams's allegations as true, as the Court must at this stage of the proceedings, his factual assertions state a claim sufficient to survive preliminary screening, i.e., an excessive force claim under the Eighth Amendment against Defendants Smith, Davis, and Espinosa. *See, e.g., Molina v. Esparza,* Civil Action No. 2:19-CV-395, 2020 WL 1958854, at *3–4 (S.D. Tex.

Mar. 11, 2020), *R. & R. adopted by* 2020 WL 1955252 (S.D. Tex. Apr. 23, 2020) (recommending prisoner's excessive force claim survive screening where prisoner alleged that, while handcuffed, defendants slammed him against the wall and to the ground and kicked him while he was on the ground, causing injury to his knee that required surgery); *Moore v. Doe*, Civil Action No. 2:17–CV–121, 2017 WL 6949741, at *5 (S.D. Tex. Sept. 14, 2017), *R. & R. adopted in part by* 2018 WL 447363 (S.D. Tex. Jan. 17, 2018) (finding prisoner's claim that defendant "assaulted him with a closed first for two minutes while [prisoner] was shackled and strapped to a gurney" survived screening); *Hudson v. McAnear*, C.A. No. C–09–327, 2011 WL 67199, at *9–10 (S.D. Tex. Jan. 10, 2011) (denying summary judgment in favor of prison guard on prisoner's excessive force claim in part because evidence did not resolve "whether the *degree* of force was appropriate under the circumstances" or if the defendant applied the force "with malicious or sadistic intent" (emphasis in original)).

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order.[4] Accordingly, it is the **RECOMMENDATION** of the magistrate judge that a scheduling order should be entered, setting dates certain for pretrial deadlines and filing dispositive motions.

---

[4] The Court originally ordered Defendants, who as employees of TDCJ would presumably be represented by the OAG, to answer on December 23, 2019. ECF No. 16. The OAG failed to timely respond to the Court's order. *See* ECF No. 19 (requiring OAG to respond to the December 23 order and to show cause). The OAG subsequently filed a notice stating Defendants were no longer employed by TDCJ and provided their last known addresses under seal. ECF Nos. 21, 22. Despite summonses being returned executed as to Defendants Davis and Espinosa, they failed to timely file an answer. *See* ECF Nos. 27, 28, 38. Moreover, the OAG provided an incorrect address for Defendant Smith, which resulted in the United States Marshal having to attempt service for a second time on Defendant Smith (the second time was successful) and causing further delay in this action. ECF Nos. 31, 32, 33, 34, 36, 37. Finally, the Court notes that despite providing that Defendant Smith must comply with Fed. R. Civ. P. 12 in answering or otherwise responding to the Court's order for service, Smith failed to timely file an answer. *See* ECF Nos. 35, 37, 45 (Defendant Smith was served April 9, 2020, making any response due no later than April 30, 2020.). In sum, the OAG's actions have caused significant delay in the Court's timely handling of Williams's claim.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge.  This case shall hereinafter be designated as Civil Action Number 5:19-CV-174-C.

## II.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 14, 2020

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**

5