IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TYSON WILLIAMS, <br> Institutional ID No. 2001726 <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN SMITH, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 5:19-CV-00174-C |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on May 14, 2020, recommending that Plaintiff's remaining claims[1] proceed through the course of litigation and that the Court enter a scheduling order, setting dates for pretrial deadlines and filing dispositive motions. No objections were filed.

The Court reviewed the Report and Recommendation of the Magistrate Judge for plain error. Finding none, the Court **ADOPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge.

It is therefore ORDERED:

Pursuant to Federal Rule of Civil Procedure 16(b), the Court establishes the following schedule for this case:

1. All motions to join other parties and amend the pleadings must be filed by 3:00 p.m. on August 20, 2020.

---

[1] The Magistrate Judge dismissed some of Plaintiff's claims on December 23, 2019, pursuant to Federal Rule of Civil Procedure 54(b).

2. All other pretrial motions, including motions for summary judgment, must be filed, with supporting briefs, by 3:00 p.m. on September 21, 2020. Any response must be filed within thirty (30) days from the date shown on the certificate of service of the motion in question.

3. All discovery must be initiated in time to be completed by 3:00 p.m. on August 20, 2020, as follows:

(a) Defendant(s) shall disclose to Plaintiff all records of the incident forming the basis of Plaintiff's complaint, which records shall include, if applicable, but shall not be limited to the following:

(i) If Plaintiff alleges a medical claim - Plaintiff's medical records for the six-month period surrounding the incident date, which medical records shall include Plaintiff's records from any TDCJ unit at which he was given medical examination or treatment concerning the denial of medical care.

(ii) If Plaintiff alleges an interference with mail - any mail records, including incoming and outgoing mail logs.

(iii) Plaintiff's grievances filed for the six-month period surrounding the incident date.

(iv) If an excessive force claim - all internal affairs investigation reports, witness statements, and a copy of the video, if any, which was made. Defendants may submit any sensitive or confidential information to the Court for in camera review before complying with this provision.

(v) All disciplinary and classification records for the six-month period surrounding the incident date.

(vi) If Plaintiff alleges a medical/work claim - all work assignments and logs in addition to the medical and disciplinary records required above.

(vii) If Plaintiff alleges any other claim - all records pertaining to his claim.

  (b) All parties shall disclose the following:

    (i) The name and, if known, the address or employment station of each person likely to have information that bears significantly on any claim or defense.

    (ii) As to each person named in response to paragraph (3)(b)(i) above, a brief summary of the substance of the information known by the person.

**There shall be no further discovery without leave of the Court.**

  4. This Court has elected to opt out of Federal Rule of Civil Procedure 26(a)(1).

  5. Counsel and unrepresented parties are referred to the Local Rules of the Northern District of Texas, the Civil Justice Cost and Delay Reduction Plan of the Northern District of Texas, and the Local Rules of this Court.

  This case will be set for trial by separate order, if necessary, after all dispositive motions have been resolved.

  Dated June 22, 2020.

                  _____
                   SAM R. CUMMINGS
                   Senior United States District Judge